

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
OCT 08 2021

| | |
|---|---|
| DARIN JOHN FONDER, A STATE CITIZEN;<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, JENNIFER G. LURKEN, JUDGE JON FLEMMER, GISLASON AND HUNTER LLP., SOUTH DAKOTA BARR ASS., MINNESOTA BARR ASS.,<br><br>Defendants. | 1:21-CV-01023-CBK<br><br>ORDER |

    Plaintiff filed a *pro se* state court complaint in the Fifth Judicial Circuit, Roberts County, South Dakota, on June 11, 2021, alleging defendants violated the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*, the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 –1692p, and the Foreign Agent Registration Act, 22 U.S.C. § 611, *et seq.* arising out of a state court foreclosure action pending against plaintiff in South Dakota Circuit Court. An amended complaint was filed June 17, 2021. I take judicial notice of the South Dakota state court records involving plaintiff, which are available through the Unified Judicial System's eCourts portal. Plaintiff's state court file is 54CIV21-000034.

    Plaintiff contends that defendants Lurken and Flemmer, acting as an attorney and judge, are required to register as foreign agents because they accepted a "British Atoned Registry (BAR)" title. Plaintiff claims they failed to register and therefore acted outside the law in regard to the foreclosure action. Plaintiff contends that the South Dakota Barr (sic) and the Minnesota State Barr (sic) are responsible for Lurken and Flemmer's alleged misconduct. Plaintiff contends that defendants Lurken and Flemmer have acted as debt collectors but have failed to register with the Attorney General and pay a bond. Plaintiff

contends that defendants failed to follow procedures required during the state court foreclosure action. Plaintiff seeks $20.5 million along with legal expenses in the amount of $20,000. Plaintiff signed the complaint Darin John Fonder, Agt. He certified that the complaint was mailed to the defendants.[1] There is no record in either state or federal court that plaintiff properly served the defendants.

Plaintiff demands in the complaint that the case be heard in a court of common law. He has reserved his rights under the Uniform Commercial Code.

On July 14, 2021, defendants State of South Dakota and Judge Jon S. Flemmer filed a motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, lack of personal jurisdiction, and insufficiency of process. Also on that date, purported plaintiff CHS Capital, LLC, filed a motion to dismiss and noticed the motion for a hearing. That motion was signed by Jennifer Lurken as attorney for defendants Lurken and Gislason & Hunter. CHS Capital, LLC, is not a plaintiff in the state court action and is not a party at all in that action. On July 23, 2021, defendant SD Barr (sic) filed a motion to dismiss for insufficiency of process and lack of personal jurisdiction.

On July 26, 2021, plaintiff inexplicably filed a challenge to the Fifth Judicial Circuit's jurisdiction, even though plaintiff had himself sought relief in that court. Plaintiff filed an affidavit claiming to have been born in the Republic State of Minnesota, making him a citizen of all states. His affidavit goes on to recite legal nonsense denying that he is a citizen of the United States and contending the United States is a "dejure (sic) republic government." Plaintiff filed a similar affidavit from Trina Fonder, who was not a party to the state court case.

On July 30, 2021, the Hon. David R. Gienapp, to whom the case had been assigned, set the pending motions for hearing on September 3, 2021. On August 4, 2021, plaintiff filed a motion to strike attorney Robert B. Anderson as counsel for the State of South Dakota, Judge Flemmer, and the South Dakota Barr. On August 9, 2021, plaintiff

---

[1] Plaintiff also mailed the complaint to Franklin Nelson. Nelson is not a party to this case. He is, however, a barred filer under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), due to his many frivolous filings. Nelson v. Gilbertson, 3:17-CV-03023-CBK Doc. 30 (D.S.D. March 11, 2019).

filed a motion to strike attorney Matthew Berger, who had been admitted *pro hac vice* to represent Gislason and Hunter, LLP. On August 13, 2021, plaintiff again filed a challenge to the state court's jurisdiction, despite the fact that plaintiff was the party that invoked the state court's jurisdiction.

On August 16, 2021, plaintiff filed in the state court case a notice of removal. Plaintiff filed a notice of removal in the District of South Dakota, purporting to remove his state court case to the United States District Court, on August 18, 2021. In response to his purported notice of removal filed in state court, Judge Gienapp filed a letter in the state court action on August 23, 2021, advising plaintiff that under 28 U.S.C. § 1446, only defendants can remove an action to federal court and therefore the notice of removal was not appropriate. Judge Gienapp stated: "You are the Plaintiff in this case and you are the one that chose the jurisdiction of Roberts County."

Following the filing in federal court of the notice of removal, defendants South Dakota Barr, on August 20, 2021, filed an objection to the notice of removal. Defendant Lurken joined in the objection on August 27, 2021.

On August 25, 2021, plaintiff filed a petition in state court to stay the September 3 hearing. Plaintiff also filed a motion in this case asking me to stay the state court hearing. Judge Gienapp continued the hearing in the state court case. On September 13, 2021, plaintiff filed in state court a notice that defendant Lurken is in default in the state court action. The state court action is still pending. Plaintiff has continued to litigate his case in state court even after filing the notice of removal.

On September 15, 2021, in this case, plaintiff filed a purported reply to the objection to the notice of removal. Plaintiff did not respond to the objection but instead averred that attorney Robert B. Anderson was in default, having not answered plaintiff's August 13, 2021, state court jurisdictional challenge. Plaintiff states in his reply:

> Darin John Fonder, has provided a AFFIDAVIT OF CITIZENSHIP , SEE EXHIBIT B. Which ROBERT ANDERSON says they do not recognize this, because they lose their JURISDICTION and cannot plunder and steal Darin John Fonders possessions and FREEDOM. Although Darin John Fonders GOD GIVEN RIGHTS ENTITLE THIS TO HIM.

3

> Darin John Fonder is FIGHTING for what is LEGALLY his. The STATE COURTS ARE SO CORRUPT THAT WERE PLANNING TO DISMISS EVERY THING ON September 3, 2021 in his letter, see EXHIBIT C.
>
> ROBERT B. ANDERSON should be SANCTIONED 30,000. for his PART in THIS RICO PLOT that was planned for September 3,2021.And his BAR CARD REVOKED FOR 5 YEARS! THANK GOD this has been STOPPED! He also VIOLATAED his OATH OF OFFICE!
>
> By; Darin Jonh Fonder, agt. a state citizen of the republic
> Without Prejudice UCC 1-308

Plaintiff signed the document, as all the documents submitted by plaintiff, Darin John Fonder, Agt.

Plaintiff's filings in this case are utter nonsense. Fed. R. Civ. P. 12(f)(1) allows a court, on its own motion, to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District courts have "liberal discretion" to strike pleadings under Rule 12(f). BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). Many of plaintiff's filings in this case could be struck under the rule.

Federal law authorizes the removal of some state court civil actions but only by a state court defendant or defendants. 28 U.S.C. § 1441(a)(1). The procedure for removal of civil actions to federal court likewise limits removal to a state court defendant or defendants. 28 U.S.C. § 1446(a). There is no federal law authorizing plaintiff to remove his state court action to federal court. Plaintiff has further violated the removal statutes by filing the petition for removal more than 30 days after the state court complaint was filed, in violation of 28 U.S.C. § 1446(b).

"Removal is a 'statutory right' or a 'privilege.'" Holbein v. Taw Enterprises, Inc., 983 F.3d 1049, 1054 (8th Cir. 2020) (internal citations omitted). The Eighth Circuit held in Holbein that the federal removal statutes are not jurisdictional. However, unauthorized removal can be challenged if done so within 30 days of the filing of the notice of

removal. 28 U.S.C. § 1447(c). Defendants have timely objected to removal based upon plaintiff's procedural defects.

Plaintiff has failed to comply with the requirements of the removal statutes because (1) plaintiff has no right or privilege to remove a case that he originally filed in state court to federal court and (2) plaintiff's notice of removal is untimely.

Now, therefore,

IT IS ORDERED:

1. The objections, Docs. 3 and 9, to the petition to remove are sustained and this matter is remanded back to the South Dakota Circuit Court, Fifth Judicial Circuit, Roberts County, South Dakota.

2. Plaintiff's motion, Doc. 7, to stay the state court matter is denied.

3. Defendant South Dakota Barr's motion, Doc. 14, to dismiss is denied as moot.

DATED this 8th day of October, 2021.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge